IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEONARD BURRELL,** | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-21-2289 |
| **CARLOS BIVENS,** | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

Leonard Burrell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland. ECF 1. In his petition, Burrell claims he is illegally detained because his state sentence was miscalculated and because his parole was untimely revoked. *Id.* at 5. He has requested immediate release. *Id.* at 6.

The respondent, Carlos Bivens, the warden of RCI, filed an answer to the petition and a supplemental answer. ECF 4; ECF 8. Burrell replied. ECF 6; ECF 9. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023). For reasons set forth below, the petition is dismissed without prejudice.

I.   **Background**

On February 27, 2013, the Circuit Court for Baltimore City sentenced Burrell to four years' imprisonment commencing on July 29, 2012.[1] ECF 4-2, at 2 (commitment record in *State v. Burrell*, Case No. 112229014 (Balt. City Cir. Ct. Feb. 27, 2013)). Five months later, on July 24, 2013, the Circuit Court for Baltimore County, in a different case, sentenced Burrell to five years'

---

[1] Burrell has generally agreed, except where otherwise noted, to the respondent's statement of facts in the answer to his petition, including the summary of his convictions and sentences. ECF 6, at 2.

1

imprisonment on Count 1, to be served consecutive to the four-year sentence he was serving at the time, and five years' imprisonment on Count 6, to be served consecutive to the sentence imposed in Count 1. ECF 4-3, at 2 (commitment record in *State v. Burrell*, Case No. 03-K-05-001955 (Balt. Cnty. Cir. Ct. July 24, 2013)). In the latter case, the court awarded Burrell "768 days credit for time served prior to and not including date of sentence." *Id*. at 3.

On September 16, 2016, Burrell was released on parole. ECF 4-9, at 3 ¶ 4; ECF 4-10, at 2–5. On November 12, 2017, while out on parole, Burrell was arrested and ultimately charged with new crimes. ECF 4-12, at 2; ECF 1, at 5. He pled guilty. *See* Pet. in *Burrell v. State*, Case No. 24-H-21-001322 (Balt. City Cir. Ct. Dec. 8, 2021).[2] On June 7, 2018, the Circuit Court for Baltimore City sentenced Burrell to five years' imprisonment without parole to run concurrently with any other outstanding or unserved sentence. ECF 4-6, at 2 (commitment record, *State v. Burrell*, Case No. 117339011 (Balt. City Cir. Ct. June 7, 2018)). His five-year sentence began on November 12, 2017. *Id.*; ECF 4-7, at 2.

In March of 2020, while serving the sentence for his 2018 conviction, Burrell was released to home detention. *See* Pet. 1 in *Burrell*, Case No. 24-H-21-001322; ECF 4-5, at 3; *see also* ECF 6-1, at 16; ECF 4-11, at 2. On November 19, 2020, the Maryland Parole Commission issued a retake warrant charging Burrell with violating his parole conditions in the 2013 Baltimore County case by committing another crime.[3] ECF 4-11, at 2–4; ECF 4, at 4. Before the retake warrant was

---

[2] The Court takes judicial notice of Burrell's November 29, 2021 habeas petition filed in the Circuit Court for Baltimore City. *See* Fed. R. Evid. 201(b)(2).

[3] Burrell suggests there is a dispute about when the retake warrant was issued, ECF 6, at 2, and in his supplemental reply, ECF 9, Burrell attached correspondence he sent to the commitment records center where he suggests there may have been two different retake warrants—one issued on November 29, 2017 and one on November 19, 2020, ECF 9-1, at 13. However, it is undisputed that the retake warrant issued on November 19, 2020 triggered the parole revocation hearing at issue here.

issued, Burrell had a maximum release date of November 12, 2022. ECF 4-7, at 2. He received diminution credits that would reduce his term of imprisonment, and his revised date of release on mandatory supervision was December 11, 2020. ECF 4, at 4; ECF 4-7, at 2. But because of the parole retake warrant, Burrell was not released on that date. ECF 4, at 4; ECF 4-1, at 4 ¶ 9.

At a parole revocation hearing on January 21, 2021, the Maryland Parole Commission revoked Burrell's parole. ECF 4, at 5; ECF 4-12; ECF 8-4. Burrell was informed that he could appeal the parole revocation decision to the state court, ECF 4-12; ECF 8-4, but there is no indication that he exercised this option, ECF 6-1, at 13.

Initially, the parole commissioner awarded Burrell no credit towards his sentence for the time between the date he was released on parole, September 16, 2016, and the date the retake warrant was issued, November 19, 2020. ECF 4, at 5; ECF 8-4. Additionally, Burrell automatically lost diminution credits awarded before his release on parole in 2016. *See* ECF 4-1, at 4–5 ¶ 11; Md. Code. Ann., Corr. Servs. § 3-711; *see also Jones v. Filbert*, 843 A.2d 908, 913 (Md. App. Ct. 2004). Burrell could earn new diminution credits and did so. *See* ECF 4, at 6; ECF 4-8, at 2.

Burrell filed several Requests for Administrative Remedy ("ARPs") challenging the sentence calculation and claiming his sentenced had expired. ECF 6-1, at 2–7. After he filed an ARP on March 15, 2021 requesting immediate release, Burrell received a response on March 22, 2021 from the warden's office. *Id*. at 6. The warden dismissed the ARP because it "was not received within the established timeframe." *Id*. Even though, as the respondent points out, the dismissal of the ARP likely was improper, ECF 4, at 6 n.4, the dismissal noted that Burrell could appeal the warden's decision to the Commissioner of Correction, *id.* at 6; ECF 6-1, at 6. Case Management issued a letter to Burrell on March 18, 2021 explaining Burrell's sentence calculation. ECF 4-15, at 2–3. Burrell did not appeal the dismissal of his ARP, ECF 4, at 6 n.4, or file a

3

grievance with the Inmate Grievance Office ("IGO") regarding his sentence calculation, ECF 4-16, at 3 ¶ 4; ECF 4-17, at 2.

Burrell filed his habeas petition in this Court on September 7, 2021. ECF 1. In his petition, Burrell asserts two claims. First, Burrell claims that he did not receive credit for the 768 days the Circuit Court for Baltimore County credited him at his July 2013 sentencing and that his sentence imposed by that court should have expired in 2020. *Id*. at 5. Second, Burrell claims the Maryland Parole Commission untimely revoked his parole. He complains that he was not served with a parole retake warrant based on his November 12, 2017 arrest until three years later, on November 19, 2020. *Id.* In his petition, Burrell notes that he did not present these issues to a state court because his "lawyer claimed he would file [Burrell's claims in state court] but never did" and that Burrell "feel[s] targeted in state courts." *Id*. at 6.

On November 29, 2021, roughly two months after Burrell filed a habeas petition in this Court, he filed a habeas petition through counsel in the Circuit Court for Baltimore City. ECF 9, at 2–3 (supp. reply re fed. habeas pet.); ECF 9-1, at 3 (order denying 2021 state habeas pet.). In that petition, Burrell argued that his parole revocation was "not timely" and that the delay was "cruel and unusual." Pet. 2 in *Burrell*, Case No. 24-H-21-001322. On December 6, 2021, the circuit court denied Burrell's petition for lack of "support[] by affidavit of the petitioner." ECF 9-1, at 3 (order denying 2021 state habeas pet.) (quoting Md. R. 15-302(a)). On February 1, 2022, Burrell, through counsel, filed another habeas petition in the same court, arguing that the Parole Commission's "timing in its decision was not held within a reasonable time" and that the delay was "cruel and unusual."[4] ECF 8-2, at 6 (*Burrell v. State*, Case No. 24-H-22-000079, slip op. at 4

---

[4] Burrell says he "has no knowledge of that [second state habeas] petition, or of the order denying [the] petition." ECF 9, at 3. He also says his former attorney did not have the authority to file the petition on his behalf. *Id.* Whether the attorney was authorized to file the second habeas petition

4

(Balt. City Cir. Ct. July 8, 2022) (quoting Pet. at 2)). On July 8, 2022, the circuit court denied Burrell's second habeas petition, *id*. at 2 (order denying 2022 state habeas pet.), finding that the parole revocation hearing was timely held and that Burrell failed to establish that he was prejudiced by any delay, *id.* at 8–9 (*Burrell*, Case No. 24-H-22-000079, slip op. at 6–7). There is no indication that Burrell appealed either decision. ECF 8, at 5 n.3; *see also* ECF 9.

Meanwhile, on March 8, 2022, while Burrell's second habeas petition was pending in the Circuit Court for Baltimore City, the Maryland Parole Commission issued an amended decision. ECF 8-4. The Parole Commission awarded Burrell credit for time spent on parole from September 16, 2016 (the date of his release on parole) to November 19, 2020 (the date the retake warrant was issued). *Id.*; ECF 8-3, at 2 ¶¶ 3–4.

## II.  Discussion

Burrell's petition must be dismissed because he has not exhausted state remedies. Generally, a federal court may not consider a state prisoner's petition for a writ of habeas corpus unless the prisoner has exhausted available state remedies, including presenting the claim to the highest state court that will hear the claim. *See Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). For § 2241 petitions, courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" because a federal habeas petition "is the avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010). If a petitioner does not exhaust their state remedies, their petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 520, 522 (1982).[5]

---

on Burrell's behalf is immaterial to the Court's decision.

[5] A petition also must be dismissed for lack of jurisdiction if the petitioner has not stated a cognizable claim for relief. *See Snyder v. Peyton*, 303 F. Supp. 325, 326 (W.D. Va. 1969) (dismissing petition because petitioner did not raise a federally cognizable claim); *see also McCoy v. Tucker*, 259 F.2d 714, 716 (4th Cir. 1968) (per curiam) ("Only if it is made to appear that a state prisoner is detained in violation of the Constitution or laws or treaties of the United States can

### A. Sentence Calculation

Burrell failed to exhaust state remedies for his claim that diminution credits were not applied to his sentence. Burrell had two avenues to pursue this claim: the administrative grievance process and a state habeas petition. He did not fully avail himself of either option.

A prisoner may challenge a denial of diminution credits administratively. First, the prisoner can file an ARP. An ARP "is a preliminary administrative remedy established by the DOC that is required to be exhausted before an inmate may file a complaint with the IGO." *See Sec'y Dep't of Pub. Safety & Corr. Servs. v. Demby*, 890 A.2d 310, 314 n.7 (Md. 2006) (citing Corr. Servs. § 10-206(b)). After exhausting the ARP process—including appealing ARPs that are dismissed, denied, or do not receive a response to the Commissioner of Correction, Md. Code Regs. 12.02.28.14(A)—the inmate can file a complaint with IGO. *See Demby*, 890 A.2d at 314; *see also Massey v. Sec'y Dep't of Pub. Safety & Corr. Servs*, 886 A.2d 585, 590 (Md. 2005) ("After

---

federal jurisdiction arise."). To state a cognizable claim, Burrell must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). "Matters of State law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief," and thus "[a] nonconstitutional procedural error must somehow be shown to be a violation of the defendant's most fundamental rights." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978). Burrell's challenge to his parole revocation and sentencing calculation is generally grounded in state law and procedure. *See Sumrall v. Simms*, No. 00-6325 2000 WL 1283077, at *1 (4th Cir. 2000) (per curiam) ("Sentence and credit calculations are generally issues of state, not federal law, and these claims do not give rise to federal habeas jurisdiction unless the violation of state law amounts to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" (quoting *Hailey*, 580 F.2d at 115)); *Lewis v. Brown*, No. 1:16cv639 (CMH/TCB), 2017 WL 1682535, at *5 (E.D. Va. Apr. 28, 2017) (claim that habeas petitioner's "parole revocation was illegal because it occurred after his parole expired" not cognizable because "the issue of whether the [Parole] Board retained jurisdiction over petitioner is a question of state law"). It is not clear that Burrell has shown these alleged violations of state law and procedure amounted to a fundamental defect that resulted in a complete miscarriage of justice. However, because Burrell argues in his supplemental reply that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated, ECF 9, at 4–5, the Court will address the respondent's exhaustion argument out of an abundance of caution, *see Clark v. Geraghty*, No. TDC-15-2625, 2018 WL 1963794, at *2 (D. Md. Apr. 25, 2018).

exhausting the Administrative Remedy Procedure provided by DOC, an inmate who has a grievance against an official or employee of DOC may submit a complaint to IGO."). The IGO complaint may be dismissed as "wholly lacking in merit on its face," or it can be referred to the Office of Administrative Hearings ("OAH") for a hearing by an administrative law judge. Corr. Servs. § 10-207. After a hearing, the OAH may dismiss the complaint as "wholly lacking in merit." *Id.* § 10-209. An IGO or OAH dismissal are considered decisions of the Secretary of Public Safety and Correctional Services ("the Secretary"). *Id.* §§ 10-207, 10-209. If the OAH determines the complaint is "wholly or partly meritorious," the OAH forwards a proposed order to the Secretary, who may affirm, reverse, or modify the proposed order. *Id.* § 10-209. A prisoner may appeal the Secretary's decision to the relevant Maryland circuit court and, if necessary, file an application for leave to appeal the circuit court decision to the Appellate Court of Maryland. *See Harris v. McKenzie*, 211 A.3d 685, 686–88 (Md. App. Ct. 2019); *see also Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501, 510–11 (Md. 2000); Corr. Servs. § 10-210. If the appellate court denies the application, the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202. If the appellate court reviews the circuit court decision but denies relief, the prisoner may seek review of the appellate court's decision by petitioning the Supreme Court of Maryland for a writ of certiorari. *See Demby*, 890 A.2d at 312–13; Cts. & Jud. Proc. § 12-201 to 12-202; *cf. Baker*, 220 F.3d at 288.

Alternatively, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts through a petition for a writ of habeas corpus. *See Md. House of Corr. v. Fields*, 703 A.2d 167, 175 (Md. 1997), *abrogated on other grounds by Moats v. Scott*, 751 A.2d 462 (Md. 2000); *see also* Md. R. 15-302(a)(1).

Burrell filed ARPs challenging his sentence calculation. ECF 6-1; *see* Md. Code Regs.

12.02.28.04(A)(8). The warden dismissed one of them. ECF 6-1, at 6. Yet Burrell did not appeal the dismissal, ECF 4, at 6–7 n.4, or file a complaint with the IGO, ECF 4-16, at 3 ¶ 4; ECF 4-17, at 2. So Burrell did not seek a decision of the Secretary that he could appeal to the circuit court. Burrell also did not raise his sentence calculation claim in either of his state habeas petitions. *See* ECF 8-2 (*Burrell*, Case No. 24-H-22-000079, slip op.); Pet. in *Burrell*, Case No. 24-H-21-001322.

Because Burrell did not challenge his sentence calculation claim through the entire administrative grievance process or in a state habeas petition, he did not exhaust this claim.

### B. Parole Revocation

Burrell also failed to exhaust state remedies for his claim that he has been illegally detained on a parole revocation because the parole retake warrant was issued too late.

Maryland provides multiple avenues for challenging a parole revocation decision. A Maryland prisoner may appeal a parole revocation decision by filing a petition for judicial review in the circuit court, and, if the circuit court upholds the Commission's decision, the prisoner may seek review from a higher court. *See Stanley v. Maryland*, No. 12–cv–02626–RWT, 2013 WL 4659692, at *4 (D. Md. Aug. 29, 2013) (explaining availability of circuit court review of parole revocation decisions and the appeals process). A detained prisoner also may challenge their detention caused by the execution of a parole violation warrant by filing a habeas petition in state court. *See* Cts. & Jud. Proc. § 3-702(a). Whether a prisoner may appeal the denial of a habeas petition depends in part on whether they have a remedy under the Uniform Post Conviction Procedure Act (UPPA).

Under UPPA, a habeas corpus petitioner cannot appeal the denial of a habeas petition "challeng[ing] the validity of confinement under a sentence of imprisonment." Md. Code Ann., Crim. Proc. § 7-107(b)(1). However, UPPA does not bar appeal of a denied habeas petition if the

"writ of habeas corpus is sought for a purpose other than to challenge the legality of a conviction of a crime or sentence of imprisonment for the conviction of the crime." *Id.* § 7-107(b)(2). Maryland courts interpreting these provisions of UPPA have held that the statute does not restrict appeals in habeas petitions if UPPA did not provide the petitioner with a remedy. *Gluckstern v. Sutton*, 574 A.2d 898, 912 (Md. 1990) ("In situations where the Post Conviction Procedure Act did not provide a remedy, and thus was not a substitute for habeas corpus, the enactment of the new statute provided no reason for restricting appeals in habeas corpus cases.");[6] *Douglas v. State*, 31 A.3d 250, 261 (Md. 2011) ("[W]here the UPPA does not provide a remedy, the preclusive effects of [Crim. Proc.] § 7–107(b)(1) do not apply.").

Accordingly, "Maryland appellate courts have entertained appeals from rulings on habeas corpus petitions only when the petitioner challenged the legality of confinement based on collateral post-trial influences and not the legality of the underlying conviction or sentence, and where the UPPA did not otherwise provide a remedy." *See Simms v. Shearin*, 109 A.3d 1215, 1222–23 (Md. App. Ct. 2015). At least one Maryland appellate court has found appellate jurisdiction over a denied habeas claim where, as here, the petitioner did "not challenge his underlying convictions or sentences, but rather the imprisonment that resulted from the revocation of his release." *Murray v. Green*, No. 374, 2016 WL 1222637, at *4 n.5 (Md. App. Ct. Mar. 29, 2016). If UPPA "does provide for appeal, an action for state habeas is not sufficient to exhaust available state court remedies in Maryland." *Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 n.1 (4th Cir. 1971) (per

---

[6] The *Gluckstern* Court analyzed the Maryland Post Conviction Procedure Act, UPPA's predecessor. *See Simms v. Shearin*, 109 A.3d 1215, 1221 (Md. App. Ct. 2015). The UPPA provision restricting appeals of habeas petitions with certain exceptions, codified at Crim. Proc. § 7-107, was a provision in the Maryland Post Conviction Procedure Act. *Simms*, 109 A.3d at 1221 n.6.

9

curiam).[7]

Burrell did not exhaust state remedies for his parole revocation claim. He had the opportunity to appeal the parole revocation decision to the circuit court, but he failed to do so. ECF 6-1, at 13. He challenged the timeliness of his parole revocation hearing and the retake warrant in both of his state habeas petitions, but he did not appeal the circuit court's decisions to deny those petitions. *See* ECF 9-1, at 2–3 (order denying 2021 state habeas pet.); ECF 8-2, at 2 (order denying 2022 state habeas pet.); ECF 8, at 5 n.3. If Burrell had appealed, UPPA would not have barred the appeal because he challenged the legality of his confinement that resulted from his parole revocation, not the legality of his underlying conviction or sentence. *Murray*, 2016 WL 1222637, at *4 n.5; *see Gluckstern*, 574 A.2d at 911. Because Burrell was allowed to appeal the decisions denying his habeas petitions and he did not do so, Burrell did not exhaust his claim. *See Jenkins*, 440 F.2d at 1189 n.1. Accordingly, Burrell did not exhaust state law remedies for his parole revocation claim.

\*   \*   \*

Burrell did not exhaust either claim in his habeas petition. The petition is dismissed without prejudice.

### III. Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct

---

[7] The *Jenkins* Court also analyzed the Maryland Post Conviction Procedure Act. *See supra*, note 6.

in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Because Burrell fails to meet this standard, the Court will not issue a certificate of appealability. Burrell may request a certificate of appealability from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b).

### IV. Conclusion

Because Burrell did not exhaust state remedies, his petition for a writ of habeas corpus is dismissed without prejudice. The Court declines to issue a certificate of appealability.

September 30, 2024
Date

Deborah L. Boardman
United States District Judge